# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LYNZHONIAH SWAN,** | ) | CASE NO. |
| c/o her attorneys Tittle & Perlmuter | ) | |
| 4106 Bridge Avenue | ) | JUDGE |
| Cleveland, OH 44113 | ) | |
| | ) | |
| On behalf of herself and all others | ) | **PLAINTIFF'S CLASS AND** |
| similarly situated, | ) | **COLLECTIVE ACTION COMPLAINT** |
| | ) | **UNDER THE FAIR LABOR** |
| Plaintiff, | ) | **STANDARDS ACT AND STATE LAW** |
| | ) | **WITH JURY DEMAND** |
| v. | ) | |
| | ) | |
| **EDEN SENIOR CARE, LLC** | ) | |
| c/o Statutory Agent | ) | |
| Incorp Services, Inc. | ) | |
| 9435 Waterstone Boulevard, Suite 140 | ) | |
| Cincinnati, Ohio 45249 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SENIOR SUITES AT WOODSIDE** | ) | |
| **VILLAGE, LLC d/b/a WOODSIDE** | ) | |
| **SENIOR LIVING** | ) | |
| c/o Statutory Agent | ) | |
| Incorp Services, Inc. | ) | |
| 9435 Waterstone Boulevard, Suite 140 | ) | |
| Cincinnati, Ohio 45249 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Lynzhoniah Swain ("Plaintiff"), through counsel, states and alleges as follows for her Class and Collective Action Complaint against Defendants Eden Senior Care, LLC and Senior Suites at Woodside Village, LLC d/b/a Woodside Senior Living:

**INTRODUCTION**

1. This case challenges Defendants' timekeeping and pay practices by which they willfully violated their employees' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of one class of persons (the "Class Members"), defined herein below, who assert factually related claims under Ohio's Prompt Pay Act.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division.

**PARTIES**

7. At all times relevant, Plaintiff Lynzhoniah Swain was a citizen of the United States and a resident of Cuyahoga County, Ohio and, as described below, an employee of all Defendants,

working at Defendants' skilled nursing and rehabilitation facility known as Woodside Senior Living, located at 19455 Rockside Road, Bedford, Ohio 44146.

8. At all relevant times, Defendant Senior Suites at Woodside Village, LLC d/b/a Woodside Senior Living ("Woodside Senior Living") was and is an Ohio limited liability company that owned and operated a business, an assisted living facility known as Woodside Senior Living, at 19455 Rockside Road, Bedford, Ohio 44146. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Incorp Services, Inc., 9435 Waterstone Boulevard, Suite 140, Cincinnati, Ohio 45249.

9. Defendant Eden Senior Care, LLC ("Eden") is an Illinois limited liability company headquartered at 8170 N. McCormick Boulevard #112, Skokie, Illinois 60076. It conducts business through its operational/managerial control and, through Maxim ("Max") Stesel as its leadership, direct/indirect ownership of numerous skilled nursing, assisted living, memory care, long term care, and/or rehabilitation centers throughout the Midwest, including in at least five states (Illinois, Minnesota, Ohio, Pennsylvania, and Wisconsin). Those facilities, which include Defendant Woodside Senior Living, are referred to collectively as the "Eden Facilities" hereinafter. According to records maintained by the Ohio Secretary of State, Defendant Eden's statutory agent for service of process is Incorp Services, Inc., 9435 Waterstone Blvd. Suite 140, Cincinnati, Ohio 45249.

**FACTUAL ALLEGATIONS**

**Defendants' Statuses As "Employers" of Plaintiff and Those Similarly Situated**

10. Defendant Woodside Senior Living was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. § 4111.03(D)(2) as it is listed as Lynzhoniah Swain's employer on her W-2.

11. Defendant Eden was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. § 4111.03(D)(2) in that it had authority to, and did in fact, promulgate work rules, payroll rules, and assignments and to set the employees' conditions of employment.

12. Defendants were both "employers" of Plaintiff, the Potential Opt-Ins, and the Potential Class Members pursuant to 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2) in that they "act[ed] directly or indirectly in the interest of an employer in relation to . . . employee[s]," including Plaintiff, the Potential Opt-Ins, and the Class Members.

13. At all times relevant, Defendants were, individually and jointly, an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendants' Joint Enterprise of Nursing Home Ownership/Operation and Formation of an Integrated Enterprise**

14. Defendant Eden operates as a common business enterprise by directly and indirectly owning, operating, and managing, including through its affiliates and subsidiaries, at least:

    a. Five facilities in Illinois (including, but not limited to, Eden Vista Prospect Heights, Eden Vista Rock Run, Willow Falls, Eden Vista Hoffman Estates, and Eden Vista Burr Ridge);

    b. Six facilities in Minnesota (including, but not limited to, Edenbrook Edina, Edenbrook Rochester, Edenbrook St. Cloud, Fair Oaks Lodge, Nature's Point, and Edenbrook Rochester West);

    c. Three facilities in Ohio (including, but not limited to, Maple Ridge Senior Living, Woodside Senior Living, and Eden Vista Stow);

  d. Five facilities in Pennsylvania (including, but not limited to, Edenbrook Yeadon, Edenbrook North, Edenbrook Second Ave., Edenbrook of Hampton, and Edenbrook of Greenwood Hill); and

  e. Fourteen facilities in Wisconsin (including, but not limited to, Edenbrook Appleton, Edenbrook Green Bay, Edenbrook Fond du Lac, Edenbrook Lakeside, Edenbrook Platteville, Edenbrook Oshkosh, Edenbrook Wisconsin Rapids, Evansville Manor, Friendly Village, Omro Care Center, Whispering Pines, The Heights, Wolverton Glen, and Edenbrook Sheboygan).

15. According to the "Careers" page on Defendant Eden's website, it offers "RN, LPN & CNA Jobs in Wisconsin, Ohio and Minnesota":



16. Defendant Eden's website lists job postings for facilities in Illinois, Minnesota, Ohio, Pennsylvania, and Wisconsin:





17. As described below, Defendant Eden and its leadership, including Eden CEO Maxim Stesel, own and operate all Eden Facilities.

18. For example, records maintained by the Ohio Secretary of State show that Maxim Stesel executed the Articles of Organization for Defendant Woodside Senior Living and executed the Trade Name Renewal for Defendant Woodside Senior Living.

19. Further records maintained by the Ohio Secretary of State show that Maxim Stesel executed Defendant Eden's registration as a foreign limited liability company in the State of Ohio.

7

20. Records maintained by the Cuyahoga County Auditor show that the property located at 19455 Rockside Road, Bedford, Ohio 44146 where Defendant Woodside Senior Living operates is owned by Bedford Senior Living Real Estate, LLC, and records maintained by the Ohio Secretary of State show that Max Stesel executed the Articles of Organization for that LLC.

21. The address listed for Senior Suites at Woodside Village, LLC on Plaintiff's paystubs is 8170 N. McCormick Boulevard #112, Skokie, Illinois 60076 – that is, the same address as the corporate headquarters of Defendant Eden.

**Defendants' Employment of Plaintiff, the Potential Opt-Ins, and Class Members**

22. Plaintiff was employed by Defendants from December 6, 2023 to March 22, 2024 as a Resident Care Assistant, a position that was paid on an hourly basis and was non-exempt from overtime pay.

23. The FLSA required covered employers, including Defendants, to pay non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207.

24. Plaintiff and the Potential Opt-Ins were all non-exempt from overtime pay under 29 U.S.C. § 207.

25. Unless excludable under 29 U.S.C. § 207(e), employers must include "all remuneration for employment paid to, or on behalf of, the employee" in calculating an employee's regular rate of pay.

26. Defendants regularly and systematically failed to pay non-exempt employees overtime compensation at one and one-half times their regular rate for hours employees worked in excess of forty per workweek.

27. Plaintiff's pay stubs illustrate this practice. By way of example, Plaintiff's pay advice dated January 5, 2024, depicted below, for the pay period of December 16 to December 31, 2023, reflects a regular rate of $15.00 per hour and an overtime rate of $22.50 per hour:

```
PERSONAL AND CHECK INFORMATION          EARNINGS  DATE  BASIS OF  DESCRIPTION   HRS/UNITS   RATE     CURRENT ($)    YTD          YTD ($)
Lynzhoniah S Swain                                       PAY                                                        HRS/UNITS
5584 E 141st St                                                   Hourly        98.5800     150000   1478.70        98.5800      1478.70
Maple Heights, OH 44137                                           Overtime      3.5000      225000   78.75          3.5000       78.75
Employee ID: 1105                                                 Total Hours   102.0800                            102.0800
Clock ID: 1105                                                    Total Hrs Worked 102.0800
                                                                  Gross Earnings                     1557.45                     1557.45
Home Department: 910 AL PCA             WITHHOLDINGS              DESCRIPTION   FILING STATUS        CURRENT ($)                 YTD ($)

Pay Period: 12/16/23 to 12/31/23                                  Social Security                    96.56                       96.56
Check Date: 01/05/24  Check #: 16059                              Medicare                           22.58                       22.58
                                                                  Fed Income Tax  SMS                104.23                      104.23
NET PAY ALLOCATIONS                                               OH Income Tax   0                  34.18                       34.18
DESCRIPTION     THIS PERIOD ($)    YTD ($)                        OH BDFRD Inc                       46.72                       46.72
Check Amount    0.00               0.00
Chkg 158        1253.18            1253.18                        TOTAL                              304.27                      304.27
NET PAY         1253.18            1253.18
TIME OFF (Based on Policy Year)

DESCRIPTION   AMT TAKEN    AVAL BAL
PTO           0.00 hrs     5.10 hrs
```

28. During the December 16 to December 31, 2023 pay period, Plaintiff worked a total of 102.08 hours. 98.58 of these were paid at her regular rate of $15.00 per hour, when by law 18.58 of these hours worked over forty in a workweek should have been paid at her overtime rate of $22.50 per hour. Plaintiff's overtime pay should have been $496.80, not $78.75, and she was underpaid by $218.10 during this pay period alone.

29. Indeed, this illegal practice occurred most workweeks during Plaintiff's tenure. As an example, her paystub shown below for January 16 to January 31, 2024 shows an overtime underpayment of $53.10:

```
PERSONAL AND CHECK INFORMATION          EARNINGS  DATE  BASIS OF  DESCRIPTION   HRS/UNITS   RATE     CURRENT ($)    YTD          YTD ($)
Lynzhoniah S Swain                                       PAY                                                        HRS/UNITS
5584 E 141st St                                                   Hourly        87.0800     150000   1306.20        231.9100     3478.65
Maple Heights, OH 44137                                           Overtime      6.3300      225000   142.43         9.8300       221.18
Employee ID: 1105                                                 Total Hours   93.4100                             241.7400
Clock ID: 1105                                                    Total Hrs Worked 93.4100
                                                                  Gross Earnings                     1448.63                     3699.83
Home Department: 910 AL PCA             WITHHOLDINGS              DESCRIPTION   FILING STATUS        CURRENT ($)                 YTD ($)

Pay Period: 01/16/24 to 01/31/24                                  Social Security                    89.82                       229.39
Check Date: 02/07/24  Check #: 16254                              Medicare                           21.01                       53.65
                                                                  Fed Income Tax  SMS                91.17                       203.94
NET PAY ALLOCATIONS                                               OH Income Tax   0                  30.92                       74.13
```

9

30. Defendants' practice of failing to pay employees' overtime pay at a rate of one-and-one-half their regular rate of pay had the effect of circumventing the payment of proper overtime compensation and is provable by examining the affected employees' payroll records and data.

31. Every week, through the practices described above, Defendants unlawfully withheld and pocketed thousands of dollars of overtime compensation due and owing to the hundreds or thousands hourly employees working at their Ohio facilities.

32. As a result of practices such as those above, Defendants knowingly deprived Plaintiff and similarly situated non-exempt employees of regular and overtime pay.

### The Willfulness of Defendants' Violations

33. Defendants knew that Plaintiff and the Potential Opt-Ins were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and state law or acted in a reckless disregard for whether they were so entitled.

34. Defendants intentionally and willfully circumvented the requirements of the FLSA. Defendants designed their scheduling, timekeeping, and payroll policies and practices in an attempt to circumvent federal and state wage-and-hour laws.

35. Defendants knew that non-exempt employees regularly and routinely worked more than forty hours in a workweek and intentionally set up their payroll so as to miscalculate employees' overtime hours and rates of pay, with actual knowledge that they were underpaying employees' overtime wages.

### Collective Action Allegations

36. Plaintiff incorporates by reference the foregoing allegations as if fully written herein.

37. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer . . . by any one or more employees for and on behalf of themselves and other employees similarly situated."

38. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All non-exempt employees who worked one or more forty-hour workweeks at any of Defendants' Facilities in Ohio during the period three years preceding the commencement of this action to the present.

39. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to and injured by Defendants' unlawful timekeeping and payroll practices, and all have the same claims against Defendants for unpaid and underpaid overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

40. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary, and therefore all such persons must be sent a Court-authorized notice informing them of the pendency of the action, giving them the opportunity to "opt in."

41. Upon information and belief, the number of similarly situated persons exceeds 500 persons.

## Class Action Allegations

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff is bringing this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a proposed Ohio Class, defined as:

11

> All non-exempt employees who worked one or more forty-hour workweeks at any of Defendants' Facilities in Ohio during the period two years preceding the commencement of this action to the present.

44. The Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but aver, upon information and belief, that they consist of 500 or more persons. The number of Class Members as well as their identities are ascertainable from records Defendant has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

45. There are questions of law or fact common to the Class, including but not limited to:

> a. Whether Defendants required Plaintiff and other Class Members to work over 40 hours in a workweek; and
>
> b. Whether Defendants knew, or recklessly disregarded, that employees were entitled to overtime pay, or additional overtime pay.

46. Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

47. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

48. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class Members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

52. The FLSA required Defendants to pay their non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

53. As more fully described above, in violation of the law, Defendants failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek at a rate of one-and-one-half their regular rate of pay.

54. By engaging in those practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

55. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the

FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Unjust Enrichment)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

58. Defendants failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Ohio Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the proposed Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class;

D. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff and the Class Members in the amount of their wages plus 6% liquidated damages; and

F. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)
TITTLE & PERLMUTER
4106 Bridge Avenue
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)